## UNITED STATES

v.

**Staff Sergeant Luis E. CIFUENTES, FR 126–44–0297 United States Air Force.**

### ACM 22745.

U. S. Air Force Court of Military Review.

Sentence Adjudged 29 Jan. 1980.

Decided 7 Jan. 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Ronald R. Sticka, USAFR.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

POWELL, Senior Judge:

Pursuant to his pleas and the terms of a pretrial agreement with the convening authority, the accused was convicted by a general court-martial, consisting of members, of ten offenses involving wrongful sale, introduction, use and possession of marijuana; two offenses of conspiring to wrongfully introduce marijuana into a military installation; and three failures to obey lawful orders and use of lysergic acid diethylamide (LSD), violations of Articles 134, 81 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 881 and 892, respectively. The court adjudged a sentence consisting of a dishonorable discharge, confinement at hard labor for 18 months, fine of $2,000.00 and in lieu thereof confinement at hard labor for three months, and reduction to airman basic. The convening authority approved a bad conduct discharge, confinement at hard labor for 12 months, forfeiture of $111.00 per month for twelve months, and reduction to airman basic.

Appellate defense counsel assert that the convening authority exceeded the limits of the pretrial agreement by approving partial forfeitures as a part of the sentence. We disagree.

The pretrial agreement provides that in exchange for the accused's pleas of guilty, the approved sentence would not exceed a dishonorable discharge, total forfeitures of all pay and allowances, reduction to the grade of airman basic (E–1), and confinement at hard labor for two years. The asserted error is derived from a combination of the presence of a fine and the absence of forfeitures in the adjudged sentence and the absence of a fine as a form of punishment in the sentence limitation portion of the pretrial agreement.

The defense contends that a rather confusing discussion between the military judge and the counsel during the *Care*[1] inquiry resolved any ambiguity regarding a fine so as to make a fine inapplicable or non-approvable in this case. They conclude that the imposition of partial forfeitures in the approved sentence resulted only from the inclusion of a fine in the sentence adjudged. We take a different view.

In considering the limitations placed on an approved sentence as a result of a pretrial agreement and the adjudged sentence, the Court of Military Appeals in *United States v. Brice*, 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967), affirmed its previous rejection[2] of the doctrine of divisible portions of a sentence. The Court's resolution of the matter is dependent upon whether the sentence approved, when considered as a whole, is less severe than the sentence adjudged and no more severe than the sentence contained in the pretrial agreement.

In following this precedent, we need not consider the colloquy at trial regarding a fine. We find that the approved sentence, considered as a whole, is considerably less onerous than the sentence agreed upon in the pretrial agreement as well as the sentence adjudged. We further find that regardless of the parties' accordance on the applicability of a fine, the permissible approval of a less severe sentence which included a forfeiture could not affect the providency of the plea in the face of an uncontested agreement to accept total forfeitures of all pay and allowances as a part of the sentence.

We have considered the remaining assigned errors and resolve them adversely to the accused.[3]

 We note one matter which requires correction. Specification 3 of Charge III purports to allege an offense of failure to obey a lawful order. The order set forth is paragraph 7, Keflavik Naval Station Instruction 1746.2C, dated 25 February 1977 and the disobedience described is by purchasing rationed alcoholic beverages from other military personnel. Examination of the order discloses that it prohibits the purchase of alcoholic beverages by or for unauthorized persons. Sales of unopened containers are limited to certain specified locations. By implication, the order permits purchases of opened containers from military personnel. Since the accused was not charged with purchasing unopened containers of alcoholic beverages we hold that Specification 3 fails to allege an offense. Accordingly, we set aside the finding of guilty and dismiss the specification. After reassessing the sentence we find it nonetheless appropriate.

The remaining findings of guilty and the sentence are

AFFIRMED.

MILES and MAHONEY, Judges, concur.

## UNITED STATES

---

1. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). See also *United States v. King*, 3 M.J. 458 (C.M.A.1977); *United States v. Green*, 1 M.J. 453 (C.M.A.1976); and *United States v. Elmore*, 1 M.J. 262 (C.M.A.1976).

2. *United States v. Monett*, 16 U.S.C.M.A. 179, 36 C.M.R. 335 (1966).

3. Appellate defense counsel's motion for leave to file the accused's affidavit pertaining to non-receipt of the clemency evaluation report, being unopposed by appellate government counsel, is granted. The motion to file the accused's affidavit concerning his understanding of the terms of the pretrial agreement which was opposed by government counsel, is denied.