**UNITED STATES**

v.

**Timothy R. THOMAS, 432 15 9050, Private (E–1), U. S. Marine Corps.**

**NCM 80 1533.**

U. S. Navy Court of Military Review.

Sentence Adjudged 18 Jan. 1980.

Decided 27 Feb. 1981.

---

**3.** If the statement made by a probationer has been reduced to writing, it should be attached to the DD Form 455.

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and EDWARDS, JJ.

EDWARDS, Judge:

We have examined the record of trial, the assignments of error and the government's reply thereto and find such assignments to be without merit.

In addition we note that the pretrial agreement contains a misconduct provision that would authorize the convening authori-

ty to approve any sentence adjudged, if so triggered. Subsequent to appellant's release from confinement in accordance with the pretrial agreement after 30 days, but prior to the convening authority taking his action appellant was found in possession of a stolen M16 rifle. The convening authority then conducted a hearing in the nature of an Article 72, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 872, vacation hearing, documenting the hearing on the form designed for Article 72, UCMJ, hearing (DD Form 455). At the conclusion of the hearing the convening authority determined that appellant had engaged in misconduct, considered himself free from the sentencing provisions of the pretrial agreement and ordered appellant back into confinement. Upon receipt of the record of trial the convening authority took his action, approving the sentence adjudged.

In light of *United States v. Dawson*, 10 M.J. 142 (C.M.A. 1981), we find that in the case *sub judice* the misconduct clause contained in the pretrial agreement and further agreed upon in the providency inquiry was insufficiently clear to be enforceable. The misconduct provision of the agreement was not detailed and explicit enough as to what constituted an act of misconduct or what procedures would be used to determine whether the provision had been violated. This precluded the military judge from conducting an inquiry sufficiently detailed to assure that appellant understood the full import of such terms in the pretrial agreement. We note with approval that the convening authority conducted a hearing which at least embodied the procedural safeguard of a hearing for vacation of suspension pursuant to Article 72, UCMJ. *See United States v. Dawson, supra* at 151 (Everett, C. J., concurring).

That portion of the sentence in excess of confinement at hard labor for 30 days, forfeiture of $200.00 per month for 3 months and a bad-conduct discharge of the originally bargained for sentence is set aside. In view of the fact that appellant has been prejudiced in that he has served the sentence to confinement we will reassess.

Upon reassessment confinement at hard labor for 30 days and a bad-conduct discharge are affirmed.

Judge PRICE concurs.

BAUM, Senior Judge (concurring in part/dissenting in part):

I concur that the post-trial misconduct clause of the pretrial agreement did not provide a lawful basis for the convening authority's action in approving a sentence that exceeded the limits of the pretrial agreement. *United States v. Dawson*, 10 M.J. 142 (C.M.A. 1981). I disagree, however, with the action taken by the majority to remedy this error.

Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, and forfeiture of $200.00 per month for 3 months, after pleading guilty pursuant to a pretrial agreement. That agreement limited the convening authority to approval of a sentence which included a bad-conduct discharge, confinement at hard labor for 30 days and forfeitures as adjudged. Instead of taking that action, the convening authority approved the bad-conduct discharge, the forfeitures and the full 3 months confinement. Since appellant has already served confinement in excess of that bargained for in the pretrial agreement, the sentence terms of that agreement cannot now be enforced as was done in *United States v. Dawson, supra.* I do not believe that reassessment and disapproval of the forfeitures is an adequate remedy under the circumstances. I believe appellant should be afforded the opportunity to withdraw his guilty pleas at this point since there is no way that the precise promise with regard to the sentence limitation can be met. In *United States v. Dawson*, it was implied that such a course might be appropriate in some situations. I believe this to be one of those instances.

There is also another reason for setting aside the findings of guilty in this case. The post-trial misconduct clause contained the following language:

It is further understood that the convening authority will not be bound by the terms of this agreement should I engage, after trial but before the action of the convening authority, in any misconduct amounting to a violation of the Uniform Code of Military Justice or state of federal criminal law. Should such misconduct occur *and be evidenced by official records of misconduct*, the convening authority may take his action on this case without being bound by the provisions hereinafter provided.

(Emphasis added.)

The judge at trial explained this provision as follows:

MJ: Now again there is a probationary provision within this pretrial agreement concerning possible misconduct. Have you read over this paragraph?

ACC: Yes, sir.

MJ: Now, is it your understanding that the convening authority will not₁ be bound by the terms of this pretrial agreement should you engage in any misconduct amounting to a violation of the Uniform Code of Military Justice, or state or federal law, and if that misconduct is evidenced by official records of misconduct the convening authority could take his action on this case without being bound by the terms of this agreement.

ACC: Yes, sir.

No attempt was made to determine the parties' understanding of what would constitute "official records of misconduct" as contemplated in the plea bargain. To me, the most logical and reasonable meaning of that phrase is an official record of a determination of guilt either by imposition of nonjudicial punishment, findings of a court-martial, or adjudication by a civilian criminal court. The convening authority did not interpret the provision in this manner for he abrogated the plea bargain on the basis of a criminal investigation report of alleged misconduct. I do not believe a criminal investigation report falls within the term "official records of misconduct" and, therefore, even if all the due process guarantees touched upon by Chief Judge Everett in

*Dawson* had been met, the utilization of an investigation as the basis for voiding the agreement was, in my view, contrary to the terms of the bargain.

Certainly, there is no showing on the record that appellant understood that the plea bargain could be set aside by the convening authority on the basis of mere allegations against him in an investigative report rather than an official record of disciplinary action or a judicial determination with respect to additional misconduct. In light of the judge's failure to ensure that there was a meeting of the minds on this matter, I would find the pleas of guilty improvident.

For the reasons noted I would set aside the findings of guilty and sentence and authorize a rehearing.