### UNITED STATES

v.

Dale L. GOODBREAD, 257 17 7690, Seaman Apprentice (E–2), U. S. Navy.

### NCM 80 2669.

U. S. Navy Court of Military Review.

Sentence Adjudged 5 Dec. 1979.

Decided 31 March 1981.

LCDR Patrick A. Fayle, JAGC, USN, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, KERCHEVAL, GLADIS, JJ.

**PER CURIAM:**

We have examined the record of trial, the assignments of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. *United States v. Thomas*, 10 M.J. 766 (N.C.M.R.1981). Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

GREGORY, Senior Judge, and KERCHEVAL, Judge, concur.

GLADIS, Judge, dissents.

GLADIS, Judge (dissenting):

I dissent. I cannot join in affirming the accused's guilty pleas because the Government failed to adhere to the terms of the pretrial agreement pursuant to which those pleas were entered.

The accused agreed to plead guilty in exchange for the convening authority's agreement to limit the approved sentence to a bad-conduct discharge, confinement at hard labor for 50 days, 2 months of forfeitures, and reduction to pay grade E–1. He was found guilty pursuant to his pleas and sentenced to a bad-conduct discharge, confinement at hard labor for 75 days, forfeiture of $299.00 per month for 2 months and reduction to pay grade E–1. He then served 63 days in post-trial confinement. Had the pretrial agreement been honored he would have received 8 days good time and only served 42 days confinement. The convening authority, who took his action after the accused was released from confinement, reassessed the sentence in an effort to purge the prejudice by disapproving one month's forfeitures. He approved the bad-conduct discharge, confinement at hard labor for 50 days, forfeitures of $299.00 for one month and reduction to pay grade E–1.

In the absence of an agreement to the contrary appearing on the record, a pretrial agreement limiting confinement to 50 days will be construed to require the accused's

release from confinement on the fiftieth day, even if the convening authority has not acted. *See United States v. Clark*, 10 M.J. 655, 657 n.1 (N.C.M.R.1980). Therefore, the Government did not comply with the pretrial agreement in this case.

When a plea rests in any significant degree on a promise or agreement on the part of the Government, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. When the promise has not been fulfilled the ultimate relief to which an accused is entitled is specific performance of the agreement or the opportunity to withdraw his plea of guilty. *Santobello v. New York*, 404 U.S. 257, 262–263, 92 S.Ct. 495, 498–499, 30 L.Ed.2d 427 (1971). I realize that a majority of another panel of this Court reached a contrary result in *United States v. Thomas*, 10 M.J. 766 (N.C.M.R.1981), holding that the convening authority's failure to adhere to the terms of the pretrial agreement which limited confinement could be cured by a reassessment of the sentence eliminating forfeitures. *But see Pearson v. Cox*, 10 M.J. 317, 319 (C.M.A.1981) (The traditional concern for deprivations of liberty is inconsistent with substituting forfeitures for confinement). The majority here follow *Thomas.* I agree with Senior Judge Baum's dissent in that case because I believe the result reached by the majority in *Thomas* is inconsistent with the law enunciated in *Santobello.*

In this case there has not been material compliance with a term of the agreement which is a part of the consideration. The accused has not received that for which he bargained. In his *Goode*[1] response trial defense counsel stated that the confinement limitation was an essential term of the agreement and challenged the unilateral material change. I cannot say that the deviation from the terms of the agreement was insignificant. The accused acted to his

1. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

2. Appellate defense counsel asks that the findings be set aside. In his *Goode* response trial defense counsel indicated that disapproval of the bad-conduct discharge would satisfy the

detriment in reliance on the promise of the convening authority when he entered his guilty pleas. Specific performance is now impossible because the confinement has been served. Therefore, the accused must be given the opportunity to withdraw his pleas and plead anew unless he agrees that another remedy is satisfactory.[2] *Cf. United States v. Steck*, 8 M.J. 688 (N.C.M.R.1980). Thus, I cannot join in affirming the findings. I would remand the case for additional proceedings to provide the accused an opportunity to withdraw his plea.

## UNITED STATES

accused. I find nothing in *Santobello v. New York, supra*, which would preclude a less drastic remedy than withdrawal of the plea if that remedy were satisfactory to the accused and the Government.