UNITED STATES, Appellee,

v.

Luis E. CIFUENTES, Staff Sergeant, U. S. Air Force, Appellant.

No. 40,820.
ACM 22745.

U. S. Court of Military Appeals.

Aug. 17, 1981.

Appellant: *Colonel George R. Stevens, Captain Willard K. Lockwood* (on petition).

Appellee: *Colonel James P. Porter, Captain Ronald R. Sticka* (USAFR) (on petition).

Opinion of the Court

PER CURIAM:

After a number of charges had been preferred against him, appellant offered to enter into a pretrial agreement. Under that offer, "[t]he Convening Authority will not approve a sentence to exceed a Dishonorable Discharge, total forfeiture of all pay and allowances, reduction to the grade of airman basic (E–1) and confinement at hard labor for two years." Additionally, "Charge IV and the Specification thereunder will be dismissed." The offer having been accepted by the convening authority, appellant proceeded to enter pleas of guilty to the first three charges against him, as called for by the pretrial agreement; in turn the military judge conducted the providence inquiry.[1]

Since appellant had not selected trial by military judge and, therefore, would be sentenced by the court members, the judge examined the provisions of the pretrial agreement which set forth the consideration to be provided by the convening authority—including the limitations on the sentence to be approved. At this point, the following colloquy occurred:

> DC: Your Honor, one point I'd like to raise at this time for the purposes of the record. Although nothing is men-

---

1. Charge I alleged various offenses involving sale, possession, transfer, use and introduction of marihuana; Charge II concerned conspiracy to introduce marihuana into a military installation; Charge III alleged violation of various regulations.

tioned in there concerning a fine, as I understand it, a fine would necessarily not be approved if one is adjudged by the court.

MJ: Obviously, it's not included in there. Any sentence that exceeds that would not be approved.

DC: I understand that. I wanted that clear for the record.

MJ: Is that the government's understanding?

TC: It certainly is, Your Honor.

MJ: The trouble with this is, gentlemen, what if a fine is included but there are other types of punishment that aren't included. Let's say there was a fine included but no confinement. What is a more serious form of punishment. There's a table of commutation and both counsel agree that that's what would be referred to in the event something of that nature would occur?

DC: No, Your Honor, my understanding is that if there is a fine, the fine would just not be approved.

MJ: What about reprimand, admonition or hard labor without confinement, detention of pay. Those are all lesser included punishments under what you have agreed to. What is your understanding in this area, counsel?

DC: Your Honor, perhaps I should refresh my recollection on the table of lesser punishments. As you've indicated in going over maximum punishments in this case, you specifically stated that there were five types. There was a punitive discharge. There was a confinement. There was the forfeitures. There was a reduction in grade. There was a fine. The fifth type of punishment being a fine in a category by itself. That's how we view this to be treated. Now, is a fine a lesser form of—I guess the defense does not understand what the military judge is getting at.

MJ: In a general court-martial, as you know, a fine can be adjudged as a lawful sentence in addition to forfeitures.

DC: I understand that.

MJ: You have agreed to a cap on the sentence the Convening Authority will approve which is a DD, total forfeitures, reduction to E-1, and two years confinement. Now, you are indicating that it is your understanding that a fine would not be approved. I assume that is accurate. I'm trying to see if the government agrees with that?

DC: Yes, sir.

MJ: It also raises the question what about any other lesser forms of punishment.

TC: Your Honor, looking at the table of equivalent punishments on page 25–9 of the Manual for Courts-Martial, that does not include a fine. We would agree with defense counsel's understanding of the agreement that a fine would not be included in any approved sentence. As for the remaining sentences ____

At a later point in connection with the colloquy with counsel the military judge remarked:

I just want to make sure that both of you, the government and the defense, have no heartburn and understand that a fine will not be applicable in this case, even if the accused gets no discharge, gets no confinement, gets no reduction, but merely a fine of $100. It is your understanding, gentlemen, that such a fine would not be approved by the Convening Authority in this case?

Both counsel confirmed that this was their understanding.

The sentence ultimately imposed by the court members was dishonorable discharge, confinement for 18 months, and payment of a fine of $2,000 with the added provision: "In lieu of payment of the fine, to be confined at hard labor for three months and to be reduced to the grade of E-1."

Confronted with this situation, the staff judge advocate in his review reminded the convening authority that "in the pretrial agreement" he had "agreed not to approve a monetary penalty" except "total forfei-

ture" of all pay and allowances. He then reasoned that because the adjudged fine was a "more severe punishment than is forfeiture," it could be mitigated to a "forfeiture not to exceed the total amount of the fine." Accordingly, the staff judge advocate "recommend[ed] that the $2,000.00 fine be reduced to forfeiture of $111.00 pay per month for eighteen months" and that "the portion of the sentence providing for confinement at hard labor for three months in lieu of the fine would then be disapproved."

In his *Goode*[2] response, defense counsel contended that the recommended action would violate the pretrial agreement, but the staff judge advocate, reasoning that the commutation of the fine to forfeitures was within the contemplation of the pretrial agreement, adhered to his recommendation, which the convening authority accepted.

The Air Force Court of Military Review, affirming the convening authority's action, determined "that the approved sentence, considered as a whole, is considerably less onerous than the sentence agreed upon in the pretrial agreement as well as the sentence adjudged." Moreover, the court below specifically found

> that regardless of the parties' accordance on the applicability of a fine, the permissible approval of a less severe sentence which included a forfeiture could not affect the providency of the plea in the face of an uncontested agreement to accept total forfeitures of all pay and allowances as a part of the sentence.

10 M.J. 777, 779 (1981). We granted appellant's petition to review an issue concerning the approval of the forfeitures. 11 M.J. 91 (1981).

The difficulty with the position of the staff judge advocate and the court below is that, whatever the pretrial agreement might be construed to mean in the abstract, the extensive discussion at trial made it perfectly clear that appellant and his counsel, with the concurrence of trial counsel and the military judge, were under the impression that under no circumstances would the convening authority be free to approve a sentence which included a fine, nor would he be free to commute a fine to a lesser or equivalent punishment.[3] The appellant's pleas of guilty were conditioned on the understanding that any adjudged "fine would just not be approved" in any form, and if that understanding was incorrect, then the pleas were improvident.

It is well established that if a plea bargain is not complied with, a court must either order compliance with the bargain or the defendant must be allowed to withdraw his plea of guilty. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). *See United States v. Kazena*, 11 M.J. 28 (C.M.A.1981) (Everett, C. J., concurring in the result). Accordingly, the choice that we now confront is between a remand of this case to the trial level so that appellant may be allowed to withdraw his pleas of guilty if he so chooses, or disapproval of the portion of the sentence which concerns partial forfeitures. At this point, the choice seems obvious, since this litigation should not be further protracted: The forfeitures should be disapproved.

Accordingly, the decision of the United States Air Force Court of Military Review is reversed to the extent that it affirmed forfeitures. So much of the approved sentence as includes forfeitures is set aside. In all other respects, the decision is affirmed.

2. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

3. We do not hold that under no circumstances could similar wording in a pretrial agreement preclude the imposition of a fine; if the providence inquiry revealed that the parties understood that such an agreement did permit a fine, then an entirely different situation would be presented. Moreover, we need not determine whether in the abstract it would have been permissible for the convening authority to commute a $2,000 fine to partial forfeitures, as was done here. *See United States v. Brown*, 1 M.J. 465 (C.M.A.1976). Instead, we say only that, when a plea bargain has been entered into and all the trial personnel have evidenced on the record their understanding of that bargain, an accused is entitled either to have the bargain complied with *according to that understanding* or, in the alternative, to enter another plea to the charges.