**UNITED STATES**

v.

**Jerome C. HOLT, 393 66 8156, Lance Corporal (E–3), U. S. Marine Corps.**

**NMCM 81 0356.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 June 1980.

Decided 18 Sept. 1981.

LT Lynn M. Maynard, JAGC, USN, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before GLADIS, BOHLEN and BYRNE, JJ.

GLADIS, Senior Judge:

■ The accused was convicted at a special court-martial bench trial, pursuant to his pleas entered in accordance with a pretrial agreement, of larceny and housebreaking, in violation of Articles 121 and 130, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. §§ 921 and 930, and sentenced to a bad-conduct discharge, confinement at hard labor for 90 days and reduction to pay grade E–1. Although the pretrial agreement provided for suspension of the discharge and confinement, the convening authority approved the sentence and suspended the discharge, but not the confinement, noting that he had determined at a hearing that the accused had violated the terms of the pretrial agreement. The staff judge advocate did not comment in his review on the failure to comply with the pretrial agreement.[1] The supervisory authority approved the sentence as approved by the convening authority.

On appeal, among other things, the accused, citing *United States v. Dawson*, 10 M.J. 142 (C.M.A.1981), contends that the post-trial misconduct provision in the pretrial agreement is void as a matter of public policy and requests adjustment of the sentence. Appellate government counsel replies that post-trial misconduct clauses are not contrary to public policy but concedes that the clause in this case is too vague to be enforced.

We find that the convening authority improperly invoked the post-trial misconduct clause; accordingly, we reassess the sentence to cure the error. The remaining assignments of error are without merit.

■ This Court has long held that post-trial misconduct clauses are not *per se* void as against public policy. *See United States v. French*, 5 M.J. 655 (N.C.M.R.1978); *United States v. Jacox*, 5 M.J. 537 (N.C.M.R. 1978), and the cases cited there. In *United States v. Dawson, supra*, the majority held the post-trial misconduct clause under consideration too vague to be enforcible. Judge Fletcher found that post-trial misconduct clauses are void. Chief Judge Everett expressed no opinion as to whether post-trial misconduct clauses are void, but opined that the minimum requirements for a valid and enforcible post-trial misconduct clause would be a detailed, explicit, and well-drafted provision, a providence inquiry by the judge assuring that the accused understood the provision's full import, and a hearing on the post-trial misconduct embodying all the procedural safeguards of Article 72, U.C.M.J., 10 U.S.C. § 872 (1976). Judge Cook dissented, finding post-trial misconduct clauses valid and the clause under consideration in *Dawson* enforceable. Analysis of the three opinions in *Dawson* shows that the Court of Military Appeals has not decided the question of whether a post-trial misconduct clause may be valid under any circumstances.

■ In *United States v. Thomas*, 10 M.J. 766 (N.C.M.R.1981), we held a clause similar to the misconduct clause in this case to be too vague to be enforcible. Even if the instant clause did not suffer from vagueness, the convening authority would not have been entitled to invoke it under the circumstances of this case. The clause provides that post-trial misconduct warranting disregard of the pretrial agreement by the convening authority must be evidenced by official records of misconduct. There is no indication that the alleged misconduct of the accused was evidenced by official records.

1. Appellate defense counsel challenges the sufficiency of the staff judge advocate's review. Since trial defense counsel did not question the adequacy of this review when afforded the opportunity to do so, the errors now asserted are waived. *United States v. Barnes*, 3 M.J. 406 (C.M.A.1977).

We cannot treat the convening authority's refusal to honor the terms as tantamount to a lawful vacation of suspension in the absence of evidence that the procedural safeguards of Article 72, UCMJ, as construed in *United States v. Bingham,* 3 M.J. 119 (C.M.A.1977), have been satisfied. *Cf. United States v. White,* 11 M.J. 712 (N.M.C.M.R.1981).

Left for consideration is the relief to which the accused is now entitled. In *United States v. Thomas, supra,* a majority held that failure to comply with a pretrial agreement by invoking an unenforcible post-trial misconduct clause could be cured by a reassessment of sentence, even though compliance with the terms of the agreement was no longer possible because of service of the confinement involved; therefore, in *United States v. Thomas* the forfeitures adjudged were disapproved. *Accord, United States v. Goodbread,* 11 M.J. 505 (N.M.C.M.R.1981); *United States v. Walsh,* No. 80 2308 (N.M.C.M.R. 22 June 1981) (unpublished). Subsequently, in a *per curiam* opinion, the Court of Military Appeals, citing *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), stated that it is well-established that if a plea bargain is not complied with, a court must either order compliance with the bargain or the defendant must be allowed to withdraw his pleas. *United States v. Cifuentes,* 11 M.J. 385 (C.M.A.1981). Therefore, *Cifuentes,* in effect, overrules *Thomas* and its progeny to the extent that they suggest that reassessment of the sentence is an adequate remedy for failure to comply with a pretrial agreement when compliance is no longer possible and the accused desires to withdraw his pleas.

Although the accused must be allowed to withdraw his plea, if compliance is impossible and he desires to do so, this is not to say that a less drastic remedy is inadequate when that remedy is satisfactory to the accused. *United States v. Goodbread, supra* at 506 n.2. (Gladis, J., dissenting). If the accused is willing to accept less than he bargained for and requests sentence relief, vice an opportunity to withdraw his pleas, there is no sound reason why, in the interest of judicial economy, this Court cannot grant that relief rather than remanding the case for additional proceedings. In this case the accused only seeks adjustment of the sentence to cure the assigned error. Thus, reassessment of the sentence is an adequate remedy here. The accused has served the confinement which the convening authority agreed to suspend. The probationary period has apparently expired, without further alleged misconduct or proceedings to vacate the suspension of the bad-conduct discharge. Under the circumstances we find the suspended bad-conduct discharge to be an appropriate sentence.

Accordingly, the findings of guilty as approved on review below and, upon reassessment, so much of the sentence as provides for a bad-conduct discharge probationally suspended until 4 December 1980 or the expiration of the accused's enlistment, whichever occurs first, are affirmed.

Judge BOHLEN and Judge BYRNE concur.