**UNITED STATES**

v.

**Winda L. MARKS, 459 08 9607, Aviation Maintenance Administrationman Airman Apprentice (E–2), U. S. Navy.**

**NMCM 80 0659.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Sept. 1979.

Decided 30 Oct. 1981.

LT Earl B. Taylor, JAGC, USNR, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and SANDERS, JJ.

CEDARBURG, Chief Judge:

The Court, on its own initiative, ordered briefs regarding the legal effect of the failure of the convening authority to strictly comply with a sentencing limitation in the pretrial agreement. This failure resulted in

appellant serving an additional 8 days of post-trial confinement. Under the terms of the pretrial agreement, the convening authority was authorized to approve a bad-conduct discharge if awarded as well as any forfeiture or fine and reduction as imposed. In respect to confinement or restraint, the pretrial agreement provided:

Confinement in excess of 31 days to be disapproved. If a BCD is awarded, confinement subsequent to Convening Authority action on record of trial to be disapproved or confinement in excess of 31 days to be disapproved, whichever comes first. Confinement shall not be mitigated to Restriction. Any restriction to be disapproved.

The convening authority, acting expeditiously on the record of trial, took his action only 17 days after trial but appellant remained in confinement for another 8 days before being released. After receipt of the record by the supervisory authority on 11 December 1979, without explanation, a second action was taken on 17 December 1979 by the convening authority. It was identical in all pertinent particulars to the first action except that it eliminated an erroneous provision purporting to execute the sentence.

Neither the record nor any allied papers disclose the reason for the timing of appellant's release from confinement; nor do they explain the second purported action. Neither do they disclose any complaint registered because of the noncompliance with the limit on confinement. Although the terms of the pretrial agreement and the action of the convening authority were spelled out in it, counsel submitted no objection, challenge or comment to the staff judge advocate's review despite being accorded an opportunity to do so pursuant to *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975). The confinement limit was fixed at a maximum of 31 days. Approval of a lesser period was made conditional solely on the rapidity with which the record was prepared and convening authority acted. The literal conditional limit was exceeded because the convening authority acted with dispatch before 31 days of post-trial confinement had elapsed and thus that term of the pretrial agreement was not strictly followed. The convening authority, however, was more generous than required by the agreement in disapproving the forfeiture amounting to $150.00 per month for 4 months imposed by the military judge. We conclude that, under the circumstances, the convening authority's failure to exactly adhere to the confinement limit was not motivated by any deliberate impropriety.

Although the confinement term of the pretrial agreement was not followed to the letter, the plea did not rest in any significant degree on a promise or agreement of the convening authority which was not substantially fulfilled. The surrounding circumstances are not egregious, do not support a claim of deliberate noncompliance and can actually be adequately compensated at this level. We are convinced that the sentence approved by the convening authority was, in its totality, less severe than that which he was permitted to approve under the terms of the agreement. We are also satisfied that the deviation, in view of the absolute maximum confinement which was agreeable to appellant, was so minor and capable of remedy at this level so as to not affect the providence of the plea or require return of the case to allow appellant to plead anew. *Cf. United States v. Cifuentes,* 11 M.J. 385 (C.M.A.1981). (If a plea bargain is not complied with, a court must order compliance with the bargain or defendant be allowed to withdraw his pleas) and *United States v. Holt,* 12 M.J. 25 (NMCMR 1981).

We determine that appellant's pleas were not improvident. Accordingly, the findings are affirmed. Upon reassessment, to remedy the failure to strictly comply with all terms of the pretrial agreement, we affirm only so much of the sentence as provides for a bad-conduct discharge and confinement at hard labor for 17 days. The reduction to pay grade E–1 is specifically disapproved and all rights, privileges and property affected thereby shall be restored.

Judge SANDERS concurs.

**636**

BAUM, Judge (dissenting):

Appellant pled guilty in reliance on the convening authority's promise to disapprove all confinement remaining at the time he acted on the record. The convening authority failed to comply with this promise, thereby causing appellant to serve additional confinement equal to almost half again as much as the total for which he bargained. The majority does not find these circumstances egregious nor do they believe the convening authority's noncompliance was deliberate. I am unable to say whether the convening authority's conduct was deliberate or inadvertent because I find no evidence to support either conclusion. However, with respect to characterizing the circumstances surrounding appellant's wrongful incarceration as not being egregious, I must strongly disagree. Illegal confinement amounting to almost 50% more than that agreed upon is to my way of thinking egregious, even though the additional confinement amounted to only eight days. Neither the intention of the convening authority nor the length of the illegal confinement, however, should dictate the outcome at this level. The central question, instead, should be what remedy is required to cure the convening authority's error. The answer I find from *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), *United States v. Cifuentes*, 11 M.J. 385 (C.M.A.1981), and *United States v. Dawson*, 10 M.J. 142 (C.M.A.1981), is that there are only two viable options available when such an error occurs. I believe we must either conform the sentence to the exact requirements of the pretrial agreement—not modify other aspects of the punishment imposed as the majority has done—or, if sentence correction is impossible, as here, where confinement has been served already, then require that the record be returned to afford the accused the opportunity to plead anew. *See United States v. Goodbread*, 11 M.J. 505 (N.C.M.R.1981)

(Gladis, J., dissenting); *United States v. Thomas*, 10 M.J. 766, 768 (N.C.M.R.1981) (Baum, S. J., concurring in part/dissenting in part).[1] For these reasons, I must dissent from the majority opinion.

---

1. *See also United States v. Holt*, 12 M.J. 25 (N.M.C.M.R.1981), which held that there was another option available in such circumstances; that is the granting of other less drastic relief satisfactory to the accused. Since the appellant has not indicated that he would prefer such relief in lieu of returning the record for an opportunity to plead anew, I see no need to address this possibility.