UNITED STATES

v.

**Airman Scott F. SCANLON, FR 010–58–1843 United States Air Force.**

**ACM 23695.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 Aug. 1982.

Decided 23 Feb. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

### DECISION

PER CURIAM:

The paramount issue in this case concerns a pretrial agreement that provides:

As consideration for the offer of the accused to plead guilty as set forth in the offer for pre-trial agreement dated 6 August 1982, the convening authority will undertake that he will not approve:

Any punitive discharge adjudged in excess of a Bad Conduct Discharge; and

Any Confinement at Hard Labor adjudged in excess of five (5) years.

And that he will approve any proper and lawful sentence or portion thereof adjudged in this case which provides for a lesser punishment than that set forth immediately above.

During the *Green-King*\* inquiry the following discussion took place between the military judge, accused, and counsel for both sides:

MJ: Now look at the portion of Appellate Exhibit I entitled "Appendix A to Offer for Pretrial Agreement." Do you have a copy of it?

ACC: Yes sir.

MJ: Do you understand what the limitation on sentence written out there means?

---

\* *United States v. Green*, 1 M.J. 453 (C.M.A. 1976); *United States v. King*, 3 M.J. 458 (C.M.A.1977).

ACC: Yes sir.

MJ: Is that the limitation on sentence that you submitted for the Convening Authority's acceptance and, in fact, the limitation that you and the Convening Authority have agreed to?

ACC: Yes sir.

MJ: Do you understand that Convening Authority may approve no sentence greater than the bad conduct discharge and confinement at hard labor for five years?

ACC: Yes, sir.

MJ: But do you also understand that, if the court adjudges any other proper and lawful sentence less than that, that the Convening Authority can also approve that?

ACC: Yes, sir.

MJ: Now, counsel for the United States and counsel for the accused, does my interpretation of the quantum portion of the Pretrial Agreement comport with your understanding of its meaning and effect?

DC: Yes, Your Honor.

TC: Yes, sir.

MJ: And, Airman Scanlon, do you agree with this interpretation?

ACC: Yes, sir.

The accused was convicted, pursuant to his pleas, of various drug offenses, aggravated assault, communicating a threat, and drunk and disorderly in station, in violation of Articles 81, 92, 128 and 134, U.C.M.J., 10 U.S.C. §§ 881, 892, 928, 934. He was sentenced to a dishonorable discharge, five years' confinement at hard labor, forfeiture of all pay and allowances, and reduction to airman basic. The convening authority approved only a bad conduct discharge, five years confinement at hard labor, forfeiture of all pay and allowances and reduction to airman basic.

The accused contends the approved sentence was greater than that negotiated in the pretrial agreement. He argues that the parties agreed that no sentence greater than a bad conduct discharge and five years' confinement at hard labor would be approved. Thus the forfeiture and reduc-

tion portions of the approved sentence exceed the terms of the agreement and must be set aside.

Appellate government counsel urge that the agreement deals only with the character of discharge and the period of confinement, and therefore the convening authority was not limited in the action he could take regarding forfeiture and reduction.

The pretrial agreement permits the convening authority to approve any "lesser punishment" than a bad conduct discharge and five years confinement at hard labor. The dispute before us lies in construing this term. As Chief Judge Quinn observed in *United States v. Villa,* 19 U.S.C.M.A. 566, 42 C.M.R. 166 (1970), "disagreement as to the meaning and scope of the sentence provision in a pretrial agreement is not uncommon." When this occurs it is the understanding of the parties involved that govern and not what the provision could mean in the abstract. *United States v. Cifuentes,* 11 M.J. 385 (C.M.A.1981).

When the written terms of a pretrial agreement are ambiguous, the ambiguity can be supplemented or clarified by "on the record" colloquy of the parties *prior* to the time that sentence is announced. *United States v. Bedania,* 12 M.J. 373 (C.M.A. 1982); *United States v. Cifuentes, supra; United States v. Combs,* (A.F.C.M.R.1983). Here, the ambiguity, if, indeed, one existed at all, has been resolved in the accused's favor by just such a colloquy.

The remaining assigned errors have been considered and are resolved adversely to the accused. Mil.R.Evid. 103(a)(1); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *see, United States v. Brooks,* 12 M.J. 558, 559 (A.F.C.M.R.1981). For the reasons stated we approve only so much of the sentence as extends to a bad conduct discharge and five years confinement at hard labor. The findings of guilty and the sentence, as modified herein, are

AFFIRMED.