**UNITED STATES**

v.

**David Eugene RUFF, 512 74 2738, Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 83 1876.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 3 Dec. 1982.

Decided 24 Aug. 1983.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

CDR Richard A. Monteith, JAGC, USN, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

CASSEL, Judge:

Pursuant to his pleas appellant was convicted by a special court-martial consisting of military judge alone of two unauthorized absences from the USS SAVANNAH (AOR–4) in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, and one specification of missing movement of the SAVANNAH through neglect on 24 August 1982, approximately three weeks after the commencement of the first period of unauthorized absence. Appellant previous to trial negotiated an agreement with the convening authority to plead guilty as he was found; he originally was charged with missing movement through design in violation of Article 87, UCMJ, 10 U.S.C. § 887. At trial there was no motion by the defense to dismiss either charge; appellant's previous four nonjudicial punishments were properly considered by the court, and in an unsworn statement he requested a discharge, knowing it could only be a bad-conduct discharge. He was sentenced by the court to be confined at hard labor for two months, to be reduced to pay grade E–1 and to be discharged with a bad-conduct discharge. This sentence was approved on review below.

Before this Court appellant has assigned as error the following:

THE MILITARY JUDGE ERRED IN FAILING TO DISMISS CHARGE II (MISSING MOVEMENT) AS MULTIPLICIOUS FOR FINDINGS PURPOSES WITH CHARGE I, SPECIFICATION 1 BECAUSE THE MANUAL FOR COURTS-MARTIAL PROVIDES THAT ONE TRANSACTION SHOULD NOT BE MADE THE BASIS FOR AN UNREASONABLE MULTIPLICATION OF CHARGES AGAINST ONE PERSON, BECAUSE MISSING MOVEMENT IS REALLY AN AGGRAVATED FORM OF ABSENCE WITHOUT LEAVE AND BECAUSE THIS ALLEGED MISSING MOVEMENT OCCURRED IN THE MIDDLE OF THIS PERIOD OF UNAUTHORIZED ABSENCE. PARAGRAPH

26b, MANUAL FOR COURTS-MARTIAL, UNITED STATES, 1969 (Rev.); *UNITED STATES V. BRIDGES,* 9 USCMA 121, 123, 25 CMR 383, 385 (1958) (QUOTING TESTIMONY OF MR. FELIX LARKIN); U.C.M.J., ARTICLE 66(c).

While the Court of Military Appeals has explained the principles that should be applied in dealing with multiple charges arising out of a single transaction in *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), and *United States v. Doss,* 15 M.J. 409 (C.M.A.1983), there still appears to be some confusion on the part of appellate counsel. Perhaps that results from attempts by counsel to set up a matrix of what should be done in all cases and apply that rule as early as possible in the effort to prevent any possibility of prejudice to the convicted accused. It appears to me, however, that the Court of Military Appeals from *United States v. Drexler,* 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958), through *United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968), to the present *United States v. Hendrickson,* 16 M.J. 62 (C.M.A.1983), has been concerned with the factual questions regarding a potential unreasonable multiplication of charges and the proper action to be taken in cases where there appears to be an unreasonable multiplication but in fact such was necessary for purposes of contingencies of proof at the trial stage of the proceedings but is no longer necessary because the factual issues have been resolved and appellate review completed. The Court has consistently held that it, or an intermediate appellate court, is not powerless to take corrective action in the interests of justice and, just as a trial court, could dismiss specifications where *that* action is proper. Initially the primary concern appeared to be that a sentence could be affected because there was no clear indication in the record that the offenses were considered multiplicious in determining the sentence. Thus, in *United States v. Drexler, supra,* the Court held the Navy Board of Review had properly acted when after it found that the charges of which the accused had been convicted were multiplicious it dismissed what the Board considered the less serious charge and reassessed the sentence. The "certified" issue was not whether the Board had been correct in its determination that the charges were multiplicious but the question concerned the action to be taken once it had made that determination. Later in *United States v. Williams, supra,* the Court, concerned again with the possible unreasonable multiplication involving charges of missing movement and failure to obey orders to report for processing to make that movement (under circumstances where the law officer had determined that the offenses "merged" for punishment purposes), indicated "[i]n view of the law officer's ruling as to the multiplicious nature of the missing movement charge (see *United States v. Strand,* 6 U.S.C.M.A. 297, 20 C.M.R. 13), the findings of guilty as to that offense can appropriately be set aside and the charge ordered dismissed. *United States v. Payne* 12 U.S.C.M.A. 455, 31 C.M.R. 41." *United States v. Williams, supra* at 81, 39 C.M.R. at 81.

Once again I believe the Court was concerned with the possible prejudicial effect that concededly multiplicious for sentence purposes findings could have made in determining a proper sentence. *A fortiori* if it is clear that if the sentence was not affected by the multiplication of charges then unless the findings themselves are factually inconsistent; that is, in the way that receiving stolen property and larceny of the same property, are inconsistent, there is no *need* to dismiss one or the other specification until the appellate review is completed and there is no further necessity to keep it for contingencies of proof or for a differing appellate interpretation of the facts supporting the charge.

In the instant case, whatever the factual determination concerning multiplicity for findings, there has been no prejudice whatsoever to appellant. His conviction of the two offenses in question was pursuant to his voluntary plea of guilty under a bargained for pretrial agreement wherein he specifically offered to plead guilty to these offenses. Appellant was sentenced by a

military judge alone, who knew, and stated, that the offenses were multiplicious for sentencing purposes. (R. 26). Moreover, the punishment awarded by that judge was far less than the maximum for either of the offenses. Under these facts no error materially prejudicial to the substantial rights of appellant occurred at either the findings stage or in the sentencing stage; and he is not entitled to any relief. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Whether or not discretionary relief should be given is another matter completely, but it is not inappropriate that he be given such relief. Accordingly, while a different interpretation of the facts in the record—not discernible by just reading the specifications—would not be impossible, it is my belief that the findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. I find nothing in the cases cited by appellant or the case of *United States v. Hendrickson, supra,* which compels a different result.

The findings and sentence as approved on review below are affirmed.

Senior Judge SANDERS and Judge MAY concur.