UNITED STATES

v.

Benny C. WILLIAMS, 466 19 4916, Aviation Machinist's Mate Third Class (E-4), U.S. Navy.

NMCM 83 2351.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 16 Dec. 1982.

Decided 30 Jan. 1984.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LCDR Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

LT Michael P. Cogswell, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

PER CURIAM:

This case is an appeal from a rehearing of a general court-martial originally tried on 15–18 and 21 June 1982 and retried on 26 October, 23 November, and 15–16 December 1982 at Naval Legal Service Office, Washington, D.C. The second trial was necessitated by the discovery of a nineteen minute "gap" in the transcript which resulted in a nonverbatim record of trial.

At his first trial, appellant was convicted, contrary to his pleas, of attempted rape, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C.A. § 880 (UCMJ), assault with a dangerous weapon, in violation of Article 128, UCMJ, 10 U.S.C. § 928, and communication of a threat, indecent assault, and committing an indecent, lewd, and lascivious act, in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced by members to confinement at hard labor for two years, reduction to pay grade

E–1, and a bad-conduct discharge. Between sentencing and the rehearing appellant served 96 days of post-trial confinement.

Appellant was again convicted of the above offenses at his second trial, this time in accordance with his pleas. Members imposed the maximum sentence allowable—under the constraints established by the sentence awarded at the first trial—after hearing detailed testimony from the prosecutrix during the Government's case in aggravation. Her testimony revealed a brutal encounter with a merciless assailant while she was standing watch duty. Prior to the rehearing, however, appellant entered into a pretrial agreement in which the convening authority agreed to suspend any confinement awarded in excess of three months for twelve months from the date of trial in exchange for pleas of guilty to all charges and specifications. According to a document filed with this Court, the convening authority negotiated the above sentence limitation based upon erroneous advice from his staff judge advocate. The intent of the pretrial agreement and the practical effect thereof are reflected in an excerpt from that document:

In return for his plea of guilty, the convening authority agreed, *inter alia,* to suspend any confinement in excess of 3 months for a period of one year. The purpose of this provision was to provide that AD3 Williams would serve about 6 months total confinement since he had already served 96 days confinement as a result of his first trial. When this bargain was made both the convening authority and the defense understood and expected that this would be the resulting total confinement served. Sometime after AD3 Williams was confined following the rehearing, the brig officer at Quantico informed this command that credit for confinement served is given *from the beginning of the service of sentence* instead of being subtracted from the end of the sentence. Consequently, in order to have

achieved the desired result of affording 3 additional months of confinement, the pretrial agreement should have provided for a *minimum of 6 months of confinement instead of 3 months.* Upon being informed that AD3 Williams was effectively being confined illegally, this command immediately ordered his release.

Sworn statement of 17 October 1983, Staff Judge Advocate, Naval District, Washington, D.C. Thus, the 33 days of confinement appellant served subsequent to the rehearing constituted illegal confinement.

This case is now before us for appellate review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. The following two issues have been summarily assigned by appellant:

I

THE CONVENING AUTHORITY'S ACTION, APPROVING THE SENTENCE AS ADJUDGED AND AS LIMITED BY THE TERMS OF THE PRETRIAL AGREEMENT WAS PREJUDICIAL TO THE SUBSTANTIAL RIGHTS OF APPELLANT, IN THAT IT FAILED TO GRANT APPELLANT RELIEF FOR THE 33 DAYS OF ILLEGAL POST-TRIAL CONFINEMENT HE SERVED.

II

CHARGE II AND THE SPECIFICATION THEREUNDER AND SPECIFICATION 1 UNDER CHARGE III, ALLEGING ASSAULT WITH A DANGEROUS WEAPON AND COMMUNICATION OF A THREAT, RESPECTIVELY, ARE MULTIPLICIOUS FOR FINDINGS WITH CHARGE I AND THE SPECIFICATION THEREUNDER, ALLEGING ATTEMPTED RAPE, SINCE THE ASSAULT AND COMMUNICATION OF THE THREAT WERE SHOWN BY THE EVIDENCE AND PROVIDENCY INQUIRY TO BE FAIRLY EMBRACED AS INTEGRAL MEANS OF ATTEMPTING RAPE.

*UNITED STATES V. HOLLIMON,* 16 MJ 164 (CMA 1983).

We disagree and affirm.

I

 Appellant argues in this assignment of error that he was prejudiced by the failure of the convening authority to grant relief for 33 days of illegal post-trial confinement served subsequent to his second trial. We are not persuaded by this argument.

Generally, when the Government does not comply with the terms of a pretrial agreement, the reviewing court must either order compliance therewith or allow the accused to withdraw his pleas. *United States v. Cifuentes,* 11 M.J. 385 (C.M.A.1981); *United States v. Holt,* 12 M.J. 525 (N.M.C.M.R. 1981). Thus, the decision of this Court in *United States v. Thomas,* 10 M.J. 766 (N.C. M.R.1981), which is relied upon by the Government in its brief, has been overruled to the extent it suggests "that reassessment of the sentence is an adequate remedy for failure to comply with a pretrial agreement when compliance is no longer possible and the accused desires to withdraw his pleas." *United States v. Holt, supra* at 527. Reassessment is still appropriate, of course, when an accused specifically requests that remedy. *Id.*

The Government, however, has misinterpreted the issue raised in this assignment of error. We are not presented with a situation where an accused's pleas are potentially rendered improvident due to the Government's failure to comply with the pretrial agreement. Appellant was not denied what he bargained for in exchange for his guilty pleas and his pleas remain provident. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Here, erroneous belief as to the effect of a provision in the pretrial agreement resulted in appellant serving 33 days of illegal confinement.

No remedy is provided an accused if, as in this case, an administrative error causes him to serve additional confinement, except to order his immediate release in a situation where the accused is still incarcerated at the time of decision. However, in the interest of justice, we shall reassess the sentence. Upon reassessment, we find the sentence to be appropriate. Appellant has already benefited immensely from the Government's ineptitude, lack of prosecutorial vigor, and an inexplicable pretrial agreement that limited punishment for these violent felony offenses to that appropriate for a misdemeanor, elements which in this case have substantially prejudiced the interests of the Navy and society in general.

II

The instant offenses were committed at Naval Air Station, Patuxent River, Maryland, on 17 November 1981. The victim was a female sailor who was making rounds while standing watch duty. Appellant, knowing that she would be on watch that night, decided to lie in wait and rape her while at a remote station during her rounds. He fashioned a mask from a knit scarf to preclude identification, confronted her, and, brandishing a knife, threatened to kill her if she screamed. Appellant then touched the victim in the vaginal area and forced her to touch his penis. His attempt to rape her was frustrated because she was wearing a tampon.

 Appellant's argument that the specifications alleging assault with a dangerous weapon and communication of a threat are multiplicious for findings with the attempted rape offense is unfounded. In our opinion, this case is distinguishable from *United States v. Hollimon,* 16 M.J. 164 (C.M.A. 1983), for the offenses contained in the challenged specifications are not "fairly embraced" within the factual allegations of the attempted rape offense. *See United States v. DiBello,* 17 M.J. 77, 80 (C.M.A. 1983); *United States v. Glover,* 16 M.J. 397, 399 (C.M.A.1983). *See generally United States v. Baker,* 14 M.J. 361 (C.M.A.1983). As illustrated by the above factual scenario, appellant is not only guilty of attempted rape, but, *in addition,* he has committed

several other offenses—including those appellant presently contends are multiplicious for findings—and has therefore been properly convicted thereof. The situation before us is not one where an accused has been charged with multiple offenses for purposes of contingencies of proof, *see, e.g., United States v. Ruff,* 16 M.J. 917 (N.M.C. M.R.1983), for, in this case, appellant has committed a series of separate and distinct offenses, albeit in a single episode of criminal behavior. We believe that the interests of society are best served by not arbitrarily expunging these offenses from appellant's permanent record.

Accordingly, the findings and sentence as approved on review below are affirmed.