### UNITED STATES

v.

**James K. JENKINS, Jr., 518 96 4602, Airman Recruit (E–1), U.S. Navy.**

**NMCM 88 0799.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 Dec. 1987.

Decided 24 Oct. 1989.

---

**1102**

LT Jeffrey S. Horwitz, JAGC, USNR, Appellate Defense Counsel.

LT Sigurd R. Peterson, Jr., JAGC, USNR, Appellate Government Counsel.

Before McLERAN, HILTON and RUBENS, JJ.

McLERAN, Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting alone as a special court-martial of one specification of using marijuana in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, and was sentenced to a bad-conduct discharge, confinement for 3 months, and forfeiture of $300.00 pay per month for 3 months.

Appellant plead guilty in accordance with a pretrial agreement. In that agreement, signed by appellant, his defense counsel, and the convening authority, appellant agreed to plead guilty to the sole specification preferred against him, to be tried by military judge alone and to testify in a related case. Appellant providently plead guilty and waived his right to members, but the Government chose not to call him as a witness in the related case even though he was ready and willing to testify. In short, appellant fully complied with the terms of the pretrial agreement. Sadly, the same cannot be said for the Government. The pretrial agreement obligated the convening authority to suspend the bad-conduct discharge, any forfeiture in excess of $150.00 per month for 2 months, and any confinement in excess of 45 days, for a period of 6 months from the date the sentence was adjudged, which was December 16, 1987.

On February 10, 1988, the command judge advocate of the USS Lexington (AVT–16), prepared a recommendation for the Commanding Officer of the Lexington, as required by Rule for Courts–Martial (R.C.M.) 1106, Manual for Courts–Martial, United States, 1984. The recommendation correctly noted the Government's obligations under the terms of the agreement, but nonetheless recommended that "the sentence be approved as adjudged." A proposed convening authority's action was not part of the recommendation. Two days later, this recommendation was served on the trial defense counsel who did not submit corrections or rebuttal to the recommendation as permitted by R.C.M. 1106(f)(4).

The convening authority agreed with his command judge advocate's recommendation, and wrote across its face, "I concur with your recommendation. Sentence approved as adjudged!", This comment is undated. On February 18, 1988, even though the record does not indicate that appellant waived his 10–day period to reply to the

recommendation, the convening authority took action and issued his court-martial order in this case. He approved the sentence as adjudged and ordered the sentence, except for the bad-conduct discharge, executed, thereby violating the pretrial agreement which he had personally signed.[1]

The record contains a document purporting to be a supplementary court-martial order dated March 1, 1988, which recites a different convening authority's action (nowhere to be found in the record of trial), suspending the portions of the sentence which should have been suspended under the terms of the pretrial agreement. This supplemental court-martial order is signed not by the convening authority, but by the command judge advocate by direction of the convening authority.[2] An affidavit from the current command judge advocate (not the same person who advised the convening authority in this case) indicates that she could not locate the corresponding convening authority's action, and furthermore states that "to the best of my knowledge, a supplemental convening authority's action was not done in this case."

The very next day following the promulgation of the supplemental court-martial order, the command held a vacation proceeding. Appellant had "popped positive" for cocaine and marijuana on a urinalysis which was administered upon his entrance into the brig December 16, 1987. At the vacation hearing he admitted that this was due to his use of marijuana at a "farewell" party prior to his court-martial. The original command judge advocate witnessed appellant's acknowledgement of his vacation hearing rights. The record is ambiguous as to whether trial defense counsel was informed of the vacation proceeding or was present. In any event, on March 9, 1988, the convening authority recommended to the officer exercising general court-martial jurisdiction (OEGCMJ) that the suspension of the bad-conduct discharge be vacated. The OEGCMJ vacated the suspension of the bad-conduct discharge on March 14, 1988. The vacation was based upon the use of marijuana prior to the court-martial on December 16, 1987; therefore, on its face the offense occurred prior to the purported period of suspension.[3]

Thereafter, appellant acquired appellate defense counsel who submitted this case for review without a brief, but with an assignment of error based upon the failure of the command to suspend the appropriate portions of the sentence in its original action. The requested relief was to set aside the original action and return the record of trial for a new action.

Appellate government counsel concurred, whereupon appellate defense counsel moved to withdraw his assignment of error and to substitute a pleading with no assignments of error. Appellate defense counsel stated that he had since discovered the supplemental order of March 1, 1988, and that order's action was sufficient to comply with the pretrial agreement.

We denied the motion to withdraw the assignment of error, and instead specified four issues.[4] Appellant's position now is

---

1. Fortunately for all concerned, the personnel at the Pensacola brig released appellant on the date consistent with the terms of the pretrial agreement. Thus appellant was never illegally confined and was released before the end of January, 1988.

2. R.C.M. 1114(b)(2) requires that supplemental orders which are the same document as supplemental actions be "signed personally by the appropriate convening or higher authority."

3. Because of our disposition of this case, we need not determine if the period of suspension can run before an action is issued which suspends part or all of a sentence pursuant to a pretrial agreement.

4. The four specified issues are (actually, the first three are issues and the fourth a question to appellate defense counsel):
    (1) WHETHER THE CONVENING AUTHORITY COMPLIED WITH THE TERMS OF THE PRETRIAL AGREEMENT IN THIS CASE WHEN HE ORIGINALLY TOOK ACTION ON THE RECORD OF TRIAL? WAS ANY FAILURE TO COMPLY JUSTIFIED IN LAW AND FACT?
    (2) WHAT IS THE EFFECT, IF ANY, OF A SUPPLEMENTARY COURT–MARTIAL ORDER SIGNED BY A LEGAL OFFICER WITHOUT PROOF OF AN UNDERLYING CONVENING AUTHORITY'S ACTION WHEN THE UNDERLYING SUPPLEMENTAL CONVENING AUTHORITY'S ACTION CANNOT BE LOCATED AND PROBABLY NEVER EXISTED?

that the Government failed to comply with the terms of the pretrial agreement and that appellant should be allowed to withdraw his plea of guilty. The Government conceded that the supplemental court-martial order of March 1, 1988, was ineffective as an action suspending portions of the adjudged sentence and correctly notes that once the original action had been published or appellant was officially notified of it, the convening authority lost jurisdiction over the case and could not modify the sentence without directions of a proper authority.

■ Regarding the Supplemental Court-Martial Order and the quoted convening authority's action, at the point that the original convening authority's action was published or appellant was officially notified of it, the convening authority had no jurisdiction to act in the case. R.C.M. 1107(f)(2). Even assuming that the original action was not published nor the appellant notified, a fact which we will assume only for the purpose of resolving this issue, the record of trial contains no valid subsequent convening authority's action signed, as required, by the convening authority. Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2); R.C.M. 1107(a), 1114(b)(2). Consequently, the belated attempt to comply with the pretrial agreement was a nullity.

■ Regarding the vacation proceedings, on March 2, 1988, the date of the vacation proceedings, the sentence as approved and erroneously ordered executed by the convening authority was fully approved, with nothing suspended. As a result, there was no suspended sentence to vacate and the subsequent vacation of the bad-conduct discharge by the OEGCMJ was a nullity. Additionally, as pertains to the attempt to vacate a sentence which was believed to have been suspended, the pretrial agreement had specified no conditions of suspension, so the only condition was the R.C.M. 1108(c) presumptive condition that appellant not violate any punitive article of the Uniform Code of Military Justice. The conduct of appellant for which the supposed suspended bad-conduct was vacated occurred prior to the appellant's court-martial. R.C.M. 1109(b)(1) clearly states: "Vacation shall be based on a violation of the conditions of suspension which occurs within the period of suspension." Clearly, even if the convening authority had properly suspended portions of the sentence, appellant's conduct would not have "occurred within the period of suspension."

Finally, to add insult to injury, because of the failure of the convening authority to suspend forfeitures in excess of $150.00 per month for 2 months, appellant has forfeited from his pay at least a total of $440.00 in March and April, 1988, $140.00 more than permitted by the pretrial agreement.

■ The appellant requests this court to set aside the findings and sentence and order a rehearing, if practicable. The Government urges us to return the case to the convening authority with an order to comply with the terms of the pretrial agreement. The Government further asserts that the vacation hearing of March 2, 1988, has tolled the period of suspension pursuant to R.C.M. 1109(b)(4). The Government concludes that "appellant has not been significantly harmed by the Government's error. All that is necessary, therefore, is a corrected action and an order to remit to appellant $140.00 of his forfeited pay," or, "[i]n the alternative, this Court could simply disapprove the bad-conduct discharge."

WHAT IS THE EFFECT, IF ANY, OF A SUPPLEMENTAL CONVENING AUTHORITY'S ACTION SUSPENDING PORTIONS OF THE SENTENCE TAKEN AFTER THE ORIGINAL CONVENING AUTHORITY'S ACTION HAS BEEN PUBLISHED AND THE ACCUSED NOTIFIED? R.C.M. *1108(b)* AND R.C.M. 1107(f)(2).

(3) WHAT IS THE EFFECT OF A VACATION PROCEEDING BASED ON PRE/POST-TRIAL MISCONDUCT DISCOVERED AFTER TRIAL BUT BEFORE ANY PORTION OF THE SENTENCE IS PROPERLY SUSPENDED.

(4) IF THE SENTENCE IN THIS CASE HAS NOT BEEN PROPERLY SUSPENDED, WHAT REMEDY DOES THE ACCUSED SEEK: A REHEARING, AN ORDER TO COMPLY DIRECTED TO THE CONVENING AUTHORITY, OR A REASSESSMENT OF THE SENTENCE? *U.S. V. CIFUENTES,* 11 M.J. 385 (C.M.A.1981); *U.S. V. HOLT,* 12 M.J. 525 (NMCMR 1981).

The latter proposed remedy is clearly inappropriate. The Supreme Court, in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), held that when an accused pleads guilty pursuant to a plea bargain he has a right to strict compliance by the Government with the promises made to him. If the Government fails to comply completely with its promises, then the accused has a right to one of two remedies: an order of specific performance of those promises or the withdrawal of his guilty pleas. 404 U.S. at 262–3, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

We reject the Government's contention that appellant can be made whole by returning the record for specific performance while simultaneously restoring $140.00 to appellant. Appellant bargained for a certain "cash flow," that is, he bargained to receive no less than his normal E–1's pay minus at most $150.00 per month for at most 2 months. For the months of March and April, 1988, appellant received less than that, contrary to the Government's obligation. In addition, he has improperly not had the use of $140.00 for the entire 18 months thereafter. To return it to him now would for either reason not constitute specific performance of the agreement.

We also find that the Government's legal and administrative errors and deficiencies have been so manifold and so blatant, that it would be a grave injustice to allow it to recoup its position now after a showing of harm to appellant. While it may indeed be tedious to pay attention to detail, to read one's own agreements, or to consult the Manual for Courts–Martial, failure to do so when the rights of a servicemember are at stake cannot be condoned. Specific performance, as frequently sought and granted in the past, is sufficient in the ordinary case; however, this is an extraordinary case which deserves the extraordinary remedy of withdrawal of the guilty plea, as requested by appellant.

Therefore, we grant appellant's request to withdraw his plea of guilty. The findings and sentence are set aside. The record is returned to the Judge Advocate General. A rehearing may be ordered.

Judge HILTON and Judge RUBENS concur.