**UNITED STATES**

**v.**

**Francis M. KENDRA, 207 62 4485, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 90 0843.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 17 Oct. 1990.

Decided 31 Oct. 1990.

LT Tamara A. Massengale, JAGC, USNR, Appellate Defense Counsel.

---

* Chief Judge BYRNE participated in this case and concurred before beginning his terminal leave prior to retirement.

LT Ralph G. Stiehm, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, Senior Judge, and LANDEN and LAWRENCE, JJ.

LAWRENCE, Judge:

On 17 October 1989, upon mixed pleas, appellant was found guilty of two specifications of violating a general order by unauthorized possession and consumption of alcoholic beverages in a barracks; operating a passenger car while intoxicated; use of cocaine; and stealing an automated teller machine card and $100.00, in violation of Articles 92, 111, 112a, and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 911, 912a, 921, respectively. He was sentenced to a bad-conduct discharge, confinement for four months, forfeiture of $250.00 pay per month for four months and reduction to pay grade E-1. The convening authority, in accordance with the pretrial agreement,[1] suspended the bad-conduct discharge for 12 months from the date of trial. On the same date that he took his action, the convening authority held a vacation hearing based on an incident that occurred after trial. After the vacation hearing, the convening authority informed the accused in writing that "[a]ny violation of the UCMJ during the period of the suspension will be sufficient to initiate vacation proceedings."[2] Thereafter, upon recommendation by the convening authority, the Officer Exercising General Court–Martial Jurisdiction (OEGCMJ) vacated the suspension of the punitive discharge. The appellant assigns as error:

1. The provision of the pretrial agreement dealing with suspension of any punitive discharge imposed reads:
   If awarded, a bad-conduct discharge may be approved; however, it will be suspended for a period of 12 months from the date the sentence is adjudged, at which time, unless sooner vacated, it will be remitted without further action. Any violation of the UCMJ from the time the sentence is announced, not the convening authority's action, will be sufficient to initiate vacation proceedings, should the convening authority so desire.

2. This condition is inherent in any suspension of a sentence pursuant to the Manual for Courts–Martial, United States, 1984, unless oth-

I

THE GOVERNMENT FAILED TO PROVE APPELLANT'S GUILT TO CHARGE III BEYOND A REASONABLE DOUBT.

II

WHETHER THE CONVENING AUTHORITY ERRED BY VACATING A SUSPENSION BASED UPON A VIOLATION OF THE CONDITIONS OF SUSPENSION WHICH OCCURRED POST–TRIAL, BUT PRIOR TO THE CONVENING AUTHORITY'S ACTION SUSPENDING THE BAD–CONDUCT DISCHARGE?

We begin by rejecting appellant's contention that the Government failed to prove appellant's guilt of the offenses alleged under Charge III beyond a reasonable doubt. Upon a careful review of the evidence, we are convinced beyond a reasonable doubt of the appellant's guilt of the Specifications under Charge III and of Charge III. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

Appellant next contends that since Rule for Courts–Martial (R.C.M.) 1108(b), Manual for Courts–Martial, United States, 1984, provides that a convening authority may suspend all or a part of the sentence only after approving the sentence, and R.C.M. 1109(b)(1) states that vacation of a suspension must be based on a violation of the conditions of the suspension that occurs within the period of suspension, vacation may not be based on post-trial misconduct that occurs prior to the convening authority's action. Both of these Rules derive from previous Manual provisions whose terms were construed in this context by the Court of Military Appeals.[3] These

erwise stated. R.C.M. 1108(c). Cf. *United States v. Jenkins*, 30 M.J. 1101 (NMCMR 1989).

3. R.C.M. 1108(b) is based on paragraph 88e of MCM, 1969 (Rev.) which states that "[a]t the time he approves the sentence, the convening authority may suspend for a stated period of time the execution of all or any part of it except a sentence of death." *See* Analysis, R.C.M. 1108. R.C.M. 1109(b)(1) is based on paragraph 97b of MCM, 1969 (Rev.) which states that "[an] act of misconduct, in order to serve as a basis for vacation of suspension of a sentence, must occur within the period of suspension." *See* Analysis, R.C.M. 1109. Nothing in the Analysis suggests that the drafters of the present Rules

decisions establish that while no suspension of a sentence exists until the convening authority acts on the record,[4] a convening authority and an accused may agree that vacation of a suspended sentence may be based on post-trial misconduct occurring prior to the convening authority's suspension action.[5] Because suspension of a sentence occurs when the convening authority acts on the record pursuant to R.C.M. 1107, the suspension may only be vacated after the convening authority takes that action.[6] In the present case, the convening authority and appellant agreed that the period of suspension would run from the date the sentence was adjudged,[7] and the OEGCMJ vacated the suspension after it had begun pursuant to the convening authority's R.C.M. 1107 action.[8] Therefore, we find that the convening authority and the

OEGCMJ properly considered appellant's post-trial misconduct in taking action to vacate the suspension of the bad-conduct discharge.

Accordingly, the findings of guilty and the sentence, as approved on review below, and the proceedings in vacation held and approved by the Officer Exercising General Court–Martial Jurisdiction, are affirmed.

Senior Judge ALBERTSON and Judge LANDEN concur.

intended to modify previous law regarding suspension and vacation of sentences.

**4.** See United States v. Goode, 1 M.J. 3 (C.M.A. 1975); United States v. Schwab, 30 M.J. 842 (NMCMR 1990).

**5.** R.C.M. 705(c)(2)(D) specifically permits an accused to offer to enter into a pretrial agreement in which he promises to "conform his conduct to certain conditions of probation before action by the convening authority as well as during any period of suspension of the sentence, provided that the requirements of R.C.M. 1109 must be complied with before an alleged violation of such terms may relievethe convening authority of the obligation to fulfill the agreement." This R.C.M. appears to accord fully with the requirements of United States v. Dawson, 10 M.J. 142 (C.M.A.1981).

**6.** United States v. Schwab, 30 M.J. at 842.

**7.** During the Article 39(a) pretrial inquiry into the accused's understanding of the terms of the pretrial agreement, the accused indicated that he had read and discussed the agreement with his lawyer prior to signing it and that he understood it. R. 40–41. After announcement of sentence, the following colloquy occurred:

MJ: Do you further understand that any violation of the Uniform Code of Military Justice from the time the sentence is announced, that is today's date, will be sufficient to initiate vacation proceedings should the convening authority so desire?
ACCUSED: Yes, sir.

R. 156. The terms of the pretrial agreement itself (supra note 1) and the foregoing establish that the period of suspension negotiated between the parties was to run from the date the sentence was adjudged, and the accused fully understood that fact.

**8.** Because it was unnecessary to decide the case, the Court in United States v. Jenkins, 30 M.J. 1101 (NMCMR 1989), specifically declined to "determine if the period of suspension can run before an action is issued which suspends part or all of a sentence pursuant to a pretrial agreement." Id. at 1103 n. 3. This Court in United States v. Schwab, 30 M.J. at 842, did not address the present issue. In Schwab, the accused was returned to confinement and a vacation hearing was held due to post-trial misconduct. The convening authority then purported to suspend confinement prior to taking his action pursuant to R.C.M. 1107. The OEGCMJ approved the recommendation to vacate the suspended confinement. Thereafter, the convening authority took his action pursuant to R.C.M. 1107 indicating that "all confinement not served as of [date of previous purported suspension] is suspended for a period of six months...." Id. at 843. The return to confinement of the accused was erroneous because at the time of the return he was not a "probationer under a suspended sentence to confinement" since no action had taken place to suspend any part of the adjudged confinement. See R.C.M. 1109(c)(1). The convening authority's purported suspension of confinement prior to taking his R.C.M. 1107 action was a nullity as was the vacation by the OEGCMJ since at the time of the vacation no valid suspension was in effect.