**UNITED STATES**

v.

**Stuart D. PERLMAN, 551 95 1227 Lance Corporal (E–3), U.S. Marine Corps.**

**No. NMCM 95 00710.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 27 Oct. 1994.

Decided 13 May 1996.

**616**

LT ESTELA I. VELEZ, JAGC, USNR, Appellate Defense Counsel.

LCDR NANCY B. JONES, JAGC, USN, Appellate Government Counsel.

Before McLAUGHLIN, KEATING and LUCAS, JJ.

LUCAS, Judge:

In his single assigned error [1], the appellant alleges that the convening authority improperly required him to serve adjudged confinement that was to be suspended pursuant to a pretrial agreement. We agree with the appellant and hold that there was neither proper vacation of a suspension of execution of confinement nor permissible repudiation by the convening authority of his pretrial agreement obligation to suspend the confinement in question.

The appellant's adjudged sentence was reduction to pay grade E–1, forfeitures, a bad-conduct discharge, and confinement for 14 weeks. The pretrial agreement required the convening authority to suspend all confinement in excess of 30 days. Appellate Ex. II. Pursuant to the pretrial agreement, the suspension period began on the date the sentence was adjudged and was to run for 12 months. *Id.* The appellant served his confinement as required by the pretrial agreement and was released from the brig. The confinement to be suspended was deferred.

The first part of the pretrial agreement addresses the effect on the pretrial agreement of further misconduct committed by the appellant. It purports to release the convening authority from sentencing limitation obligations as a result of post-trial (but pre-action) misconduct. Appellate Ex. I, ¶ 14. It also indicates that "[t]he hearing provisions of R.C.M. 1109 apply to any action contemplated as a result of post-trial misconduct." Appellate Ex. I.

The evening of his release from the brig, the appellant allegedly wrongfully possessed liquor in the barracks. The next day (action on the sentence had not yet been taken), the convening authority conducted a hearing, determined that the appellant had in fact committed the misconduct, and rescinded the deferment of the suspended confinement. The convening authority repudiated the pretrial agreement term requiring him to suspend confinement and ordered the appellant back into the brig to serve the remainder of his adjudged confinement.

Requiring the appellant to serve confinement that the parties agreed would be suspended was justified if: the suspension was properly vacated in accordance with Article 72, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 872, and Rule for Courts–Martial [R.C.M.] 1109, Manual for Courts–Martial, United States, 1984 (1995 ed.) [MCM]; or, the sentencing limitation obligations were properly repudiated in accordance with the pretrial agreement and R.C.M. 705(c)(2)(D).

 Suspension of some or all of an adjudged sentence cannot occur until a convening authority first takes action approving that sentence. Article 60(c), UCMJ; R.C.M. 1108(b). However, the parties to a pretrial agreement, as in this case, may agree that the suspension period will begin on the date the sentence is adjudged. *United States v. Saylor,* 40 M.J. 715 (N.M.C.M.R.1994); *United States v. Kendra,* 31 M.J. 846 (N.M.C.M.R.1990), *petition denied,* 32 M.J. 317 (C.M.A.1991). Misconduct anywhere within the suspension period, either before or after post-trial action is taken by the convening authority, can therefore be the basis for vacation of the suspension. The parties agreed that any violation of the UCMJ

1. THE PRETRIAL AGREEMENT WAS IMPROP- ERLY SET ASIDE.

would constitute misconduct. Additionally, in this case, an automatic provision of the agreement was that the appellant would not commit any UCMJ violations during the probation period. See R.C.M. 1108(c). The appellant's alleged UCMJ violation could therefore have been the trigger to vacate any suspended confinement. *Kendra,* 31 M.J. at 848.

■ However, Article 72, UCMJ and R.C.M. 1109 must be fully complied with before vacation of a suspension can properly occur. *United States v. Englert,* 42 M.J. 827 (N.M.Ct.Crim.App.1995). An R.C.M. 1109 hearing must be conducted and a report of that hearing, including a recommendation of the hearing officer (the officer exercising special court-martial jurisdiction over the accused), must be forwarded to the officer exercising general court-martial jurisdiction [OEGCMJ] over the accused for a vacation decision. This two-step process is mandated by Congress. It is doubtful that such substantial due process rights may be waived in a pretrial agreement. See R.C.M. 705(c)(1)(B). However, there is no indication that the appellant intended to waive those rights.

All of the procedural requirements for vacating a suspension can be accomplished prior to the convening authority's action except for the order from the OEGCMJ vacating the suspension. The order to vacate a suspension has no effect until the convening authority's action is taken, because until that point in time, there is no suspension to vacate. *Saylor,* 40 M.J. at 719.

The convening authority in this case had special court-martial convening power. He could have used the appellant's alleged posttrial misconduct to fully comply with R.C.M. 1109 and recommend to the OEGCMJ that the suspension be vacated. He did not do that. After conducting a hearing, the convening authority ordered the appellant back to the brig to serve the remainder of his adjudged confinement rather than forwarding the required report and recommendation to the OEGCMJ for a vacation decision. Neither Article 72, UCMJ nor R.C.M. 1109 permitted such action.

■ The Government contends that we are not dealing with an Article 72, UCMJ (vacation) issue at all. Instead, it argues that the pretrial agreement independently permitted the convening authority to withdraw from his sentencing limitation obligations after complying only with the hearing provision of R.C.M. 1109. We do not agree.

Rule for Courts–Martial 705(c)(2)(D) relieves a convening authority of certain pretrial agreement obligations when an accused violates conditions of probation prior to the convening authority's action provided he complies with R.C.M. 1109 requirements. Rule for Courts–Martial 1109 requires more than just a hearing. As mentioned above, it also requires a report, recommendations, and a decision by the OEGCMJ. Only a hearing was conducted. As we already indicated, it is doubtful that an accused can waive such substantial due process rights in a pretrial agreement. We are unconvinced that the appellant intended to do so. There was, therefore, a violation of R.C.M. 705(c)(2)(D) and an improper repudiation by the convening authority of his pretrial agreement obligations.

In curing the error made by the convening authority, and mindful of our obligation under Article 66(c), UCMJ to only approve a sentence that we believe should be approved, we find that the appellant is entitled to meaningful relief. After considering the nature of the offenses committed by the appellant, the fact that he was improperly required to serve 47 extra days of confinement, and that there are no forfeitures to be returned because they were uncollected, we affirm the findings, but affirm only so much of the sentence as includes confinement for 30 days and reduction to pay grade E–1.

Senior Judge McLAUGHLIN concurs.

Senior Judge KEATING, dissenting:

A term or condition of a pretrial agreement shall not be enforced if it is not freely and voluntarily entered into and if it deprives an accused of certain fundamental rights. R.C.M. 705(c)(1)(B). Provided the requirements of R.C.M. 1109 are complied with, a promise by an accused to conform to speci-

fied conditions of probation before action by the convening authority is an enforceable condition of a pretrial agreement and may be proposed by either party. R.C.M. 705(c)(2)(D). Such a promise is listed, along with several others, as "additional conditions" that subsection (c)(1)(B) of R.C.M. 705 does not prohibit either party from proposing.

The majority acknowledges the list of permissible terms and conditions in R.C.M. 705(c)(2) "may not be an exhaustive list," but maintains, nevertheless, that compliance with 705(c)(2)(D) is required. The analysis to R.C.M. 705(c)(2) says the matters listed in it have been judicially sanctioned. MCM, app. 21, Rule 705 analysis, at 39. I do not read R.C.M. 705 as having, in effect, ended the process of judicial review by which pretrial agreements have evolved. The question we should address is whether the procedure agreed to by the parties in the pretrial agreement before us is prohibited by R.C.M. 705(c)(1). Was it freely and voluntarily entered into by the accused and did it deprive him of an enumerated fundamental right?

Our superior court has addressed the issue raised in this case in two decisions. The earlier one held that no hearing at all is required if the accused is appraised of the information against him in the staff judge advocate's review (now recommendation) and given an opportunity to rebut or explain. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975). A few years later, a different majority wrote that "an additional vice in the appellant's post-trial codal violation clause is that it side-steps the key requirement of Article 72 ... a suspension hearing." *United States v. Dawson*, 10 M.J. 142, 148 (C.M.A.1981). The drafters of the Manual cite *Dawson* in the analysis as the primary basis for R.C.M. 705(c)(2)(D).

Neither case says that the convening authority must both hold a hearing at which an accused is provided due process, and in addition, forward the hearing report and a recommendation to the officer exercising general court-martial jurisdiction for decision. There are procedures other than the two stage process of Article 72 and R.C.M. 1109 that protect the rights of the accused. R.C.M. 705(c)(2) has not ended the judicial process by which pretrial agreements have evolved in the military justice system. *See, e.g., United States v. Weasler*, 43 M.J. 15 (1995)(waiver of unlawful command influence motion permissible).

I would allow an accused substantial latitude to negotiate for sentence relief within the limits of R.C.M. 705(c)(1) and not read R.C.M. 705(c)(2) as anything more than a list, not yet complete, of provisions that have been judicially sanctioned in the past and to which other provisions can and will be added in the future. Therefore, I respectfully dissent.